UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CURTIS L. GAINEY,

                          Petitioner,

-vs-

JOSEPH WARD,

                          Respondent.

DECISION AND ORDER

6:16-CV-6560 CJS

_____

APPEARANCES

For Petitioner:         Curtis L. Gainey, *pro se*
                         P.O. Box 90502
                         Rochester, New York 14609

For Respondent:      Dennis A. Rambaud
                         Office of the New York State Attorney General
                         28 Liberty Street
                         New York, New York 10005

INTRODUCTION

      The petitioner, Curtis Gainey ("Gainey" or "Petitioner"), brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who was convicted of incest under New York State law, contends that his due process rights were violated when the trial court "failed to certify him as a sex offender" at the time of sentencing as required by New York Corrections Law § 168-d. For the reasons explained below, the petition for a writ of habeas corpus is dismissed.

BACKGROUND

The following is a summary of the relevant facts. In 2001 Petitioner was convicted of eighteen counts of Incest in the Third Degree, [1] a class E felony. *See*, New York Penal Law § 255.25. Incest in the Third Degree is classified as a "sex offense" under New York's Sex Offender Registration Act ("SORA"), Correction Law § 168 *et seq.*, and, in particular, under Correction Law § 168-a(2). Consequently, Petitioner qualified as a "sex offender" within the meaning of New York Correction Law § 168-a(1)-(2) (Including Penal Law § 255.25 as a "sex offense.").

Because of that, New York State law required the trial court to "certify" Petitioner as a sex offender at the time of sentencing. In particular, Correction Law § 168-d states:

> [U]pon conviction of any of the offenses set forth in subdivision two or three of section one hundred sixty-eight-a of this article [(sex offenses)] *the court shall certify that the person is a sex offender and shall include the certification in the order of commitment, if any, and judgment of conviction* [.] . . . The court shall also advise the sex offender of his or her duties under this article. Failure to include the certification in the order of commitment or the judgment of conviction shall not relieve a sex offender of the obligations imposed by this article.

N.Y. Correct. Law § 168-d (McKinney).

In April 2001, Monroe County Court sentenced Petitioner to 10-to-20 years in prison on his convictions for Incest in the Third Degree. However, County Court neglected to include the "certification" of Petitioner as a sex offender in the order of commitment/judgment of conviction as required by Correction Law § 168-d. Petitioner never notified the County Court or the Prosecutor about this oversight, and never requested resentencing.

Petitioner appealed his convictions, arguing that certain evidence was improperly admitted at trial, that the verdict was against the weight of the evidence, and that his sentence

---

[1] *See, People v. Gainey*, 4 A.D.3d 851 (4th Dept. 2004).

was unduly harsh. Again, though, Petitioner did not raise any issue concerning the court's failure to certify him as a sex offender. New York State Supreme Court, Appellate Division Fourth Department affirmed the judgment of conviction, *see, People v. Gainey*, 4 A.D.3d 851 (4th Dept. 2004), and the New York Court of Appeals denied leave to appeal, *see*, 2 N.Y.3d 799 (May 11, 2004).

Subsequently, after Petitioner had served approximately fourteen years in state prison and was approaching his release date, Monroe County Court conducted a hearing pursuant to Correction Law § 168-n for the purpose of setting Petitioner's sex-offender notification level.[2] At the conclusion of the hearing, County Court certified Petitioner as a Level 1 sex offender.

At the sex offender risk-level classification hearing, Petitioner argued that County Court lacked jurisdiction to conduct the hearing, since no sex-offender certification had been made at the time of his sentencing. County Court rejected that jurisdictional argument. Petitioner appealed, arguing that because the sentencing court had not certified him as a sex offender, he subsequently "could not be treated as sex offender when no such delineation was made a part of his sentence and commitment."[3] Interestingly, Petitioner admitted to the Appellate Division Fourth Department that the sentencing court could have corrected its omission and re-sentenced him, since New York law "allow[s] court to correct defects in sentencing orders."[4] However, Petitioner argued that, in his case, "the passage of time and the Court's failure to act promptly"

---

[2] In this regard, the "certification" of a convicted individual as a sex offender occurs at the time of sentencing, *see*, Correction Law § 168-d, while the sex offender risk-level classification is made following a hearing prior to the convicted individual's release from custody, *see*, Correction Law § 168-n(1); *see also, Doe v. Pataki*, 120 F.3d 1263, 1268 (2d Cir. 1997) ("For all sex offenders sentenced or released from a state correctional or mental institution after the effective date of the [(SORA)] Act, the original sentencing court has the responsibility, at the time of the offender's discharge, release, or parole, of determining the appropriate risk level. N.Y. Correct. Law §§ 168–d(3), 168–n(2).") (emphasis added, footnote omitted), as amended on denial of reh'g (Sept. 25, 1997).
[3] Appellate Brief at p. 6.
[4] Appellate Brief at p. 7.

divested the court of jurisdiction to certify his as a sex offender.[5] Petitioner's appellate brief also included a fleeting reference to an alleged "due process" violation, stating:

> Because the failure to correctly certify Mr. Gainey at the time of sentencing prevented him from pursuing a hearing to determine whether he was properly certified and from seeking an appeal on that determination, the [subsequent] sex offender assessment cannot stand. The violation of Mr. Gainey's due process rights mandates a vacation of the Court's order and a determination that he could not now be subjected to sex offender assessment.[6]

The Appellate Division Fourth Department rejected Petitioner's argument and affirmed County Court's certification of him as a Level 1 sex offender, for the "reasons stated in the decision at County Court," which did not involve any consideration or discussion of a due process claim.

Petitioner subsequently sought leave to appeal to the New York Court of Appeals. In that regard, Petitioner indicated that his appeal below had challenged County Court's jurisdiction to certify him as a sex offender.[7] Petitioner further argued that his "due process" rights had been violated insofar as he had been deprived of the opportunity to challenge his sex-offender status at the time of sentencing:

> [D]ue to the Court's failure resulting in Mr. Gainey being precluded from appealing any certification at the time of sentencing, the error here is not harmless. Mr. Gainey's due process rights were violated by the Trial Court's failure and he should not now, 16 years later, suffer the consequences. Sex offenders are entitled to certain due process protections at the risk level classification proceedings, including notice and an opportunity to be heard. *People v. Lashaway*, 25 N.Y.3d 478 (2015). Mr. Gainey was not afforded those rights at the time of his conviction.[8]

On June 20, 2016, the New York Court of Appeals denied leave to appeal.

---

[5] Appellate Brief at p. 7.
[6] Appellate Brief at p. 8.
[7] Affidavit in support of Motion for Leave to Appeal at p. 2 ("The appealed challenged the SORA Court's jurisdiction to assess Mr. Gainey as a sex offender 14 years after he was sentenced on the underlying offense, where the Trial Court failed to certify him as a sex offender.").
[8] Affidavit in support of Motion for Leave to Appeal at p. 4.

On August 10, 2016, Petitioner filed the subject petition, proceeding *pro se*. The petition purports to assert a single claim, as follows:

> Petitioner's due process rights were violated when County Court certified Petitioner as a sex offender 14 years after sentencing. Petitioner was sentenced in April, 2001 to ten (10) to twenty (20) years after having been convicted of Incest, New York Penal Law section 255.25. At the time of sentencing, the Sentencing Court failed to certify the petitioner as a sex offender thereby precluding petitioner from appealing the certification on his direct appeal. Certification is part of the judgment on conviction and must be appealed on Direct appeal.

Petition [#1] at p. 5. In essence, Petitioner contends that his "due process" rights were violated by the delay in certifying him as a sex offender. Petitioner maintains that he was prejudiced by such delay in that he was prevented from filing a direct appeal challenging a sex offender certification following his conviction in 2001, even though he was later able to challenge that certification at a hearing and then appeal the sex-offender certification and classification made by County Court in 2015. As and for relief, Petitioner demands "[t]hat the judgment that Petitioner be certified as a sex offender 14 years after his initial sentencing be dismissed as unconstitutional."[9]

Respondent opposes the petition, asserting that Petitioner's claim is "not cognizable on federal habeas review," that his claim is unexhausted and procedurally defaulted, and that his claim lacks merit in any event.[10]

Petitioner has filed a reply [#8] in which he reiterates his due process argument. Additionally, the reply seems to assert a new argument, namely, that Petitioner's conviction for Incest in the Third Degree under Penal Law § 255.25 is not a sex offense that would subject him to being certified as a sex offender.[11]

---

[9] Petition [#1] at p. 15.
[10] *See*, Response [#6].
[11] *See*, Reply at pp. 1-2.

DISCUSSION

Petitioner's *Pro Se* Status

Since Petitioner is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Section 2254 Principles

Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, and the general legal principles applicable to such a claim are well settled:

> [A] federal court may grant habeas corpus relief to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).
>
> A state court decision is contrary to clearly established Federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's result.
>
> A state court decision involves an unreasonable application of clearly established Federal law when the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case. To meet that standard, the state court's decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. It is well established in this circuit that the objectively unreasonable standard of § 2254(d)(1) means that a petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief.

*Santana v. Capra*, No. 15-CV-1818 (JGK), 2018 WL 369773, at *7–8 (S.D.N.Y. Jan. 11, 2018) (Koeltl, J.) (citations and internal quotation marks omitted).

Petitioner's Claim is Not Cognizable Under § 2254

Respondent maintains that Petitioner's claim is not cognizable under § 2254 "because it does not concern Petitioner's custody." Respondent explains that, "[h]ere, Petitioner does not challenge the fact or length of his confinement, but merely his certification as a 'sex offender' under SORA. The claim is, therefore, not cognizable [under § 2254]." Petitioner's reply [#8] contends that the Court has jurisdiction over his claim since he was still in physical custody (prison) serving his original sentence when he commenced the action.[12]

It is well settled that a habeas claim under § 2254 must satisfy the statute's jurisdictional "in custody" requirement. *See, e.g., United States v. Rutigliano*, 887 F.3d 98, 104 (2d Cir. 2018) ("It is well established in our precedent that to secure § 225[4] review, a petitioner must satisfy the jurisdictional "in custody" requirement of the statute.") (citations and internal quotation marks omitted); *see also, Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) ("We have characterized this statutory "custody" requirement as "jurisdictional," and therefore mandatory and non-waivable.") (citing *U.S. v. Rutigliano*).

In this regard, even where the petitioner is physically in custody, he cannot use a habeas petition to challenge a non-custodial aspect of his sentence, such as the imposition of a fine or restitution. *See, e.g., United States v. Munson*, No. 06CR143 (JGK), 2019 WL 188493, at *2 (S.D.N.Y. Jan. 14, 2019) ("[A] habeas petition cannot be used as a vehicle to challenge non-custodial components of a criminal sentence, such as restitution or forfeiture."); *see also, Vilar v. United States*, No. 05-CR-621 (RJS), 2019 WL 3537052, at *3, n. 2 (S.D.N.Y. Aug. 2, 2019) ("Petitioner's argument pertains solely to non-custodial aspects of Petitioners' sentences – a challenge which is not cognizable on a motion for habeas relief."); *U.S. v. Rutigliano*, 887 F.3d

---

[12] Reply [#8] at pp. 1-2.

7

at 105 (Indicating that a defendant cannot avoid the prohibition on using a habeas petition to challenge non-custodial components of a sentence merely by "challenging both the custodial and noncustodial parts of his sentence" in the same petition.).

Whether an aspect of a sentence is custodial or noncustodial for purposes of this jurisdictional inquiry depends upon the extent to which it restricts the Petitioner/Defendant's liberty. The Second Circuit has indicated that even a fine or restitution order could theoretically amount to a "custodial" aspect of a sentence under circumstances "imposing such a severe restraint on individual liberty as to equate to custody," though such situations "will likely be rare." *U.S. v. Rutigliano*, 887 F.3d at 106. The Second Circuit has generally explained the test in this regard to be as follows:

> [A] petitioner may satisfy the "in custody" requirement of the federal habeas statutes by showing that he is subject to a significant restraint upon his physical liberty not shared by the public generally. This does not mean that every aspect of a sentence not shared by the general public equates to custody for purposes of § 2254 or § 2255 review. <u>Rather, the challenged condition must impose a severe restraint on individual liberty or the imminent threat of such a restraint.</u> Thus, the Supreme Court has recognized parole to constitute a sufficiently severe restraint on individual liberty to keep a defendant in the state's "custody" as that word is used in the federal habeas statutes. *See Jones v. Cunningham*, 371 U.S. at 243, 83 S.Ct. 373. But a sentence of conditional discharge may or may not so severely restrain liberty as to equate to custody depending on whether it requires a defendant's physical presence at particular times and locations, both for community service and court appearances, or only his refrainment from certain conduct, such as contact with a specified person.

*United States v. Rutigliano*, 887 F.3d at 105–06 (citations and internal quotation marks omitted).

Applying these principles, it is clear that the instant petition relates to a non-custodial aspect of Petitioner's sentence. [13] The sex-offender certification that occurs at sentencing

---

[13] According to the New York Court of Appeals, the "initial certification as a sex offender by the trial court upon conviction," under Correction Law § 168-d "comprises part of a sentence." *People v. Smith*, 15 N.Y.3d 669, 675, n. 2, 917 N.Y.S.2d 614, 617, n. 2 (2010).

pursuant to Correction Law § 168-d imposes no restriction on a defendant's liberty. Rather, such certification is merely a judicial pronouncement of the fact that a defendant has been convicted of a sex crime under SORA.[14] *See*, *People v. Hernandez*, 93 N.Y.2d 261, 268, 711 N.E.2d 972, 975 (1999) ("The mandatory SORA certification is effected by operation of law upon conviction and is pronounced at sentence.") *Yunus v. Robinson*, No. 17-CV-5839 (AJN), 2019 WL 168544, at *5 (S.D.N.Y. Jan. 11, 2019) (Finding that a petitioner's "sex offender status was automatic under SORA as a function of his conviction.").[15] Indeed, § 168-d(a) expressly states that a defendant convicted of a sex crime is subject to "obligations" under SORA even if the trial court fails to make the required certification.[16]

Although Petitioner maintains that his claim is cognizable, he has neither argued nor shown that a § 168-d certification amounts to a "custodial" aspect of a sentence. That is, he has not demonstrated that such *certification* imposes "a significant restraint on his physical liberty not shared by the public generally." Instead, as already mentioned Petitioner merely argues that he meets the jurisdictional "custody" requirement due to the fact that he was still serving his prison sentence when he commenced this action.[17] However, as already discussed the fact that

---

[14] Petitioner is not here challenging his offender-level designation or the resulting reporting requirements. However, even as to reporting requirements and other consequences resulting from conviction of a sex crime, courts have typically found that they do not amount to custodial aspects of a sentence. *See, Fowler v. Fischer*, No. 18CIV2769ERHBP, 2019 WL 2551766, at *3 (S.D.N.Y. May 30, 2019) ("Six Circuit Courts of Appeal have considered the specific issue of whether the registration and related requirements imposed pursuant to sex offender registration statutes satisfy the 'in custody' requirement. The Court of Appeals for the Second Circuit has yet to reach the issue. With the exception of a single decision recently issued by the Court of Appeals for the Third Circuit, these cases have uniformly held that the registration and related requirements of these statutes do not satisfy the 'in custody' requirement."), report and recommendation adopted, No. 18CIV2769ERHBP, 2019 WL 2544472 (S.D.N.Y. June 20, 2019).
[15] Appeal withdrawn sub nom. *Yunus v. Lewis-Robinson*, No. 19-382, 2019 WL 3814554 (2d Cir. May 15, 2019). To the extent that Petitioner disputes this point in his reply, his argument is untimely, as discussed below, and in any event it is refuted by the above-quoted language which clearly indicates that persons convicted of the enumerated crimes "shall" be certified as sex offenders.
[16] *See, id*. ("Failure to include the certification in the order of commitment or the judgment of conviction shall not relieve a sex offender of the obligations imposed by this article.").
[17] Reply [#8] at pp. 1-2 ("Petitioner is currently in State custody . . . Petitioner has not completed the maximum term of his sentence, which expires in 2020.").

Petitioner was actually in physical custody when he filed the habeas petition does not grant this Court jurisdiction to consider a habeas challenge to a non-custodial aspect of his sentence.

Further, the trial court's failure to contemporaneously make the required certification under Correction Law § 168-d does not by itself create a cognizable habeas claim since it merely pertains to a state-law sentencing rule. *See, e.g., King v. Capra*, No. 15-CV-7403 (ENV)(LB), 2019 WL 1900847, at *4 (E.D.N.Y. Apr. 29, 2019) ("First off, claims for violations of state law are not cognizable on federal habeas review, which concerns violations of 'the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a); *see also Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L.Ed. 2d 29 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")."

In sum, the Court lacks jurisdiction over Petitioner's claim. Accordingly, the petition is dismissed.

<u>The Petition Also Lacks Merit</u>

Even assuming *arguendo* that the Court had jurisdiction over Petitioner's claim, the petition fails to state a due process claim. In this regard the Court liberally construes the Petition as stating a delay-of-sentencing due process claim. That is, as Petitioner argued before the Appellate Division Fourth Department, he maintains here that the trial court could have re-sentenced him and made the necessary certification under § 168-d, *but for the unreasonable delay that ensued*. In particular, Petitioner maintains that the 14-year delay violated his due process rights and prejudiced him specifically insofar as he was unable to challenge the certification (that should have occurred, but which did not) as part of his direct appeal of his conviction. However, the Court disagrees.

The applicable law concerning due process claims based on a delay in sentencing or re-sentencing is clear:

> The Due Process Clause of the Fifth Amendment has a limited role to play in protecting against oppressive delay. A delay in criminal proceedings that violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency, can, depending on the circumstances, constitute a violation of the Due Process Clause.
>
> ***
>
> In order to determine whether a defendant has been deprived of his due process right to a prompt sentencing, we must consider [1] the reasons for the delay as well as [2] the prejudice to the accused. Under this test, prejudice is necessary but not sufficient to prove a due process violation. Instead, a defendant must show both prejudice and an unjustified reason for the delay in order to prove a due process violation. These considerations, moreover, are not independent prongs of a two-part test to be evaluated in isolation from each other. Rather, they are related factors to be weighed in light of each other and the surrounding circumstances.

*U.S. v. Ray*, 578 F.3d 184, 199-200 (2d Cir. 2009) (citations and internal quotation marks omitted).

When considering the "reasons for the delay" under the foregoing test, courts must keep in mind that,

> while deliberate delay to hamper the defense weighs heavily against the prosecution[, m]ore neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.

*U.S. v. Ray*, 578 F.3d at 200. At the same time, where a petitioner/defendant seeks to have his conviction vacated based on the delay in sentencing or re-sentencing, his failure to request such sentencing or re-sentencing weighs heavily against him. *U.S. v. Ray*, 578 F.3d at 200.

As for establishing "prejudice" under the applicable test, petitioners/defendants face a difficult hurdle, since "[t]o prove a due process violation as a result of a sentencing

delay, the prejudice claimed by the defendant, absent extraordinary circumstances, must be substantial and demonstrable." *U.S. v. Ray*, 578 F.3d at 200. With regard to the balancing of these factors, the Second Circuit has observed that "[e]ven substantial delays in sentencing do not in all circumstances amount to a due process violation, especially when a defendant has not requested timely sentencing and is unable to establish [significant] prejudice[.]" *United States v. Ray*, 578 F.3d at 202.

Applying these factors in the instant case, the Court first finds that the delay here was caused by simple negligence. There is no suggestion that the delay in this case was caused by any intentional wrongdoing. Rather, at sentencing the trial court, the prosecution and the defense apparently overlooked the certification requirement in Correction Law § 168-d. Nevertheless, the trial court and the prosecution are ultimately responsible for the delay in failing to have Petitioner certified as a sex offender at the time of sentencing as required by § 168-d. Although, Plaintiff never requested re-sentencing or raised the issue until he attempted to use the sentencing error to have the sex-offender designation hearing dismissed for lack of jurisdiction.

As for prejudice, the Court finds that Petitioner has not demonstrated any prejudice flowing from the delay, let alone any "substantial and demonstrable" prejudice. In this regard, Petitioner merely alleges that the trial court's failure to comply with § 168-d at sentencing, and the ensuing delay (in failing to re-sentence him), prejudiced him insofar as it prevented him from challenging such certification as part of his direct appeal. In other words, Petitioner's argument is, "If the trial court had certified me as a sex offender, I could have challenged that certification on appeal, but since the trial court did not certify

me as a sex offender, I was unable to raise the issue on appeal." However, this argument lacks merit.

To begin with, the trial court's failure to comply with § 168-d was a matter of record which Petitioner could have raised on direct appeal. *Cf., Daniels v. Stalone*, No. 1:14-CV-00219-MAT, 2017 WL 2931256, at *2 (W.D.N.Y. July 10, 2017) ("To properly exhaust a claim that relies on errors or omissions that are clear on the face of the record of the petitioner's trial or pretrial proceedings, the petitioner must raise it on direct appeal to the Appellate Division and then seek leave to appeal to the New York Court of Appeals."). Beyond that, Petitioner has not identified any true prejudice in being "denied" the ability to raise such an argument on direct appeal, since he has not identified any legitimate theory under which he should *not* have been certified as a sex offender. Rather, it is clear that he is a sex offender as defined by SORA, based on his conviction. The loss of an opportunity to raise a baseless argument on appeal is not "substantial and demonstrable prejudice."[18]

Accordingly, for all the foregoing reasons Petitioner's delay-in-re-sentencing due process argument lacks merit.

<u>To the Extent Petitioner is Attempting to Assert a New Claim
in His Reply, it is Denied</u>

As mentioned earlier Petitioner may be attempting to assert a new claim in his reply, which is that he does not actually qualify as a sex offender. To the extent Petitioner is attempting to make that argument the Court deems it to have been forfeited, since he did not raise it initially in his Petition and Respondent never had an opportunity to address

---

[18] Moreover, when Petitioner did appeal County Court's determination that he was a Level 1 sex offender, he did so solely based on a jurisdictional argument; he did not argue that he was not actually a sex offender under SORA.

it. *See, Cruz v. Hallenbeck*, No. 16-CV-9014 (JGK), 2018 WL 2290695, at *4 (S.D.N.Y. May 18, 2018) ("As an initial matter, this argument was raised for the first time on reply and therefore was forfeited."), certificate of appealability denied, No. 18-1662, 2018 WL 6264557 (2d Cir. Oct. 17, 2018), cert. denied, 139 S. Ct. 1211, 203 L. Ed. 2d 234 (2019). Indeed, the argument is inconsistent with the position that Petitioner took both in the Petition and before the state courts. Alternatively, the argument is unexhausted, and also lacks merit for the reasons already discussed.

## CONCLUSION

The application under 28 U.S.C. § 2254 is denied. The Clerk of the Court is directed to close this case. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated: Rochester, New York
December 4, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge